UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
EVEREST NATIONAL INSURANCE          :
COMPANY, *et al.*,                  :
                                    :
       Plaintiffs,         :   Civil Action No. 07-722 (JAP)
                                    :
       v.                   :   **MEMORANDUM OPINION**
                                    :
ROBERT SUTTON, *et al.*,            :
                                    :
       Defendants.          :
                                    :
_____:

PISANO, District Judge.

      Before the Court is a motion by Defendants for an Order authorizing the payment of professional fees and disbursements owed to Defendants' counsel, G.W. Merrick & Associates LLC ("Merrick") from funds presently frozen by Order of this Court. In the alternative, Merrick seeks leave to withdraw. Plaintiffs have cross-moved for sanctions against Defendants, seeking payment from the frozen funds of attorneys fees incurred with respect to Plaintiff's efforts to obtain discovery and assets in this matter. The Court has carefully considered the submissions of the parties for and against the various relief sought and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

      The facts of this case have been set forth in previous Opinions of the Court and only those facts relevant to the present motion are set forth herein. At issue with respect to this motion is $285,773.92 being held in the trust account of Michael Connolly, Esq. *See* Connolly Decl. ¶ 6. These funds, which were previously held in a U.S. Bank account (the

"6520 Account") as debt securities belonging to defendant Robert Sutton, were at one time pledged as security for Sutton's reimbursement obligation arising out of a letter of credit. Several months ago, the bank released its security interest in the assets, and Plaintiffs sought a preliminary injunction to restrain Sutton from transferring or otherwise dissipating the funds so that such funds would be available to satisfy Defendants' obligations to comply with the Court's earlier summary judgment order.  However, prior to the entry of any such order, Sutton transferred the funds to Connolly's trust account from the 6520 Account.  Thereafter, by Orders dated August 11, 2009 and September 3, 2009, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined Connolly from disbursing the funds until further Order of the Court.  (Docket Entries 188, 204).

According to Connolly, he was given and he agreed to accept the proceeds of the 6520 Account and hold them in his trust account "as a pledge agent to secure the payment of the professional fees and disbursements owed by Mr. Sutton," including the amounts owed to Merrick.  Connolly Decl. ¶ 5.  Connolly has held these funds since the transfer, and has not permitted release or distribution of them in light of the Court's Orders.  *Id.* ¶ 7, 8.

At the time of the filing of the motion, the amount owed by Sutton to Merrick was in excess of $235,000.  Merrick Aff. ¶ 4.  Since June 2009, Merrick "has received only modest payment for its legal services."  *Id.* ¶ 4.  Sutton has stated that he wishes to use the funds held in Connolly's trust account ot pay the fees owed to Merrick, and represents that he has "no other source of cash . . . with which to pay [Merrick] its substantial delinquent billings, or to retain and compensate lead litigation counsel."  Sutton Aff. ¶ 11.

There is no dispute that a court has the authority to modify a preliminary injunction. "When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *Favia v. Indiana University of Pennsylvania*, 7 F.3d 332, 340 (3d Cir. 1993) (quoting *Sierra Club v. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir.1984). "The court is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).

Here, the Court finds it to be appropriate under the present circumstances to allow Sutton to use the frozen funds to pay the amounts due and owing to Merrick. The monies were transferred to the trust account for the express purpose of paying legal fees prior to the entry of the Court's Order restraining the funds. Sutton has represented that he has no other source of cash to pay counsel, who seeks withdrawal from this case (and has informed Sutton that he will seek to withdraw from all matters pending in other jurisdictions) if payment toward the substantial accumulated legal fees cannot be made.

Moreover, the existing partial summary judgment in this case relates to the enforcement of an arbitration panel order that directs Founders Insurance Company to post $70 million is security with respect to an arbitration case pending between Founders and Plaintiff Everest Reinsurance Company. The amount Defendants seek to use to pay counsel fees represents a mere 0.4% of the total security the panel ordered posted. In balancing the harms to each parties, *i.e.*, Plaintiffs potentially losing a fraction of a percent of the total

3

security that was ordered to be posted versus Defendants being unable to fund defense costs and potentially losing representation of counsel that has ably represented them for a number of years, the Court finds that at this juncture the balance weighs in favor of permitting the frozen funds to be used to pay counsel fees.  Considering the interests of judicial economy, efficiency and fairness, the Court is loathe to force Sutton to proceed without counsel at this time.

Consequently, the Court shall enter an Order permitting Defendants to use the retained funds to pay the outstanding amounts owed to Merrick.  Merrick's motion to withdraw, therefore, is denied.  Plaintiff's motion for sanctions is also denied.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  January 8, 2010